FILED
U.S. DISTRICT COURT
2005 MAR 18  P 2: 22
S.D. OF N.Y. W.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHRISTOPHER GRANT,

    Plaintiff(s),

- against -

GEM FOOD CORPORATION, and
KENTUCKY FRIED CHICKEN CORPORATION

    Defendant(s).
-----------------------------------------------------------X

05 CIV. 2975

COMPLAINT
Docket No.
JURY TRIAL IS
DEMANDED

JUDGE CONNER

## PRELIMINARY STATEMENT

1. This is an employment discrimination action in which the plaintiff seeks relief for the violation of his rights secured by title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000, et. seq., the New York State Human Rights Law, Executive Law section 296 and 297, and the New York City Human Rights law, Administrative Code section 8-107 and 8-502. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, front and back pay, reinstatement, and award of costs and attorney's fees, and such other and further relief as the coiurt deems just and proper.

## JURISDICTION AND VENUE

2. Federal jurisdiction attaches by reason of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000, et. seq., and 28 U.S.C. section 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. section 1391, because the incident at issue in this case occurred in this district.

## PARTIES

4. At all times relevant herein, plaintiff was a resident of the State of New York, County of Bronx.

5. Defendant GEM FOOD CORPORATION is a company incorporated in the State of New York, headquartered in New York.

6. Defendant KENTUCKY FRIED CHICKEN CORPORATION is a company incorporated in the State of Kentucky and headquartered in the State of Kentucky.

7. Defendant KENTUCKY FRIED CHICKEN CORPORATION regularly and systematically conducted business in the State of New York, marketed it's wares in the State of New York, and derived substantial benefit from it's business activity in the State of New York.

## PRIOR ADMINISTRATIVE PROCEEDINGS

8. On November 24th, 2004, plaintiff filed an administrative charge against defendants with the Equal Employment Opportunity Commission (Hereinafter "EEOC"), alleging sexual harassment and retaliation for complaining about sexual harassment.

9. On February 28th, 2005, the EEOC concluded there was insufficient evidence to find a violation of law.

10. On February 28th, 1005, the EEOC issued plaintiff a right to sue letter.

11. This action was filed within ninety days of plaintiff's receipt of the right to sue letter.

## **STATEMENT OF FACTS**

12. The following is a summary.

13. Plaintiff was employed by defendants as a cook/assistant from April 6th, 2004 to September 27th, 2004. Plaintiff was employed at defendant's 5625 Broadway, Bronx, N.Y. location.

14. During the time plaintiff was employed, he performed his duties in a satisfactory and competent manner.

15. At or about the beginning of August, 2004, plaintiff was working at the store location, by the ice machine at the rear of the store. He turned around and Judeine Reed, a more senior co-worker was only inches away from him, facing him. When plaintiff was startled, Ms. Reed stated "You can see I am a woman". She was in close proximity to plaintiff's body at this time.

16. Later on the same day Ms. Reid began blowing kisses at plaintiff.

17. Several days later Ms. Reid asked plaintiff if he had ever had sex with a Jamaican woman before. Plaintiff replied that he had not, as he was a minor and did not believe sex before marriage was appropriate, in any event.

18. Several days later, Ms. Reid approached plaintiff from behind and aggressively placed her hands on plaintiff's buttocks. Whereupon plaintiff called the police, accused plaintiff of sexual abuse, which criminal matter is presently pending.

19. Plaintiff advised Ms. Reid on each occasion of her harassment that her advances were not welcome.

20. Plaintiff advised Lynette Capers, manager for GEM FOOD CORPORATION, (Hereinafter "GFC") that each of these incidents had occurred, however neither Lynette Capers, nor anyone else on behalf of defendants, ever took any actions to address the situation.

21. From May 18th, 2004 to August 30th, 2004, plaintiff worked varying amounts, averaging thirty hours per week. After plaintiff pressed charges against Judeine Reid, he was advised repeatedly not to come in at times when normally he would have, and thereafter received only five hours work per week.

22. When inquiry was made to Leroy Capers, franchise owner, as to why plaintiff's hours were so drastically reduced, plaintiff's mother was advised that it was because plaintiff did not report the incident to him before reporting it to the police.

23. However the incidents were reported to Lynette Capers, the franchisees representative.

24. Defendant KENTUCKY FRIED CHICKEN CORPORATION (Hereinafter "KFC") authorized and licensed defendant GFC to operate a KFC franchise at 5625 Broadway, Bronx, N.Y., which defendant KFC controlled in every way pursuant to strict guidelines and directives.

25. Defendant KFC, in conducting substantial and not isolated activities within Bronx County, New York, was involved in the sale and distribution of chicken and other food items, the granting of franchises, and providing supplies and equipment to franchisees for the purposes of obtaining pecuniary benefit.

26. Defendant KFC established critical standards, policies, and guidelines to be implemented in and followed by defendant GFC.

27. Defendant GFC conducted business in Bronx County, New York, operating as an agent and on behalf of KFC, and received substantial product and support services from KFC suppliers in Bronx County, New York, as well as nationwide.

28. At all times heretofore mentioned defendant GFC acted within the authority of defendant KFC and, as it's agent, was entrusted with the rights and duties inherent in such a relationship.

29. At all material times, defendant's employee Judeine Reid was acting within the scope of her employment with GFC and KFC in the operation and management of GFC and KFC.

30. At all material times, defendant's manager Lynette Capers was acting within the scope of her employment with GFC and KFC in the operation and management of GFC and KFC.

31. At all material times, defendant GFC's president Leroy Capers was acting within the scope of his employment with GFC and KFC in the operation and management of GFC and KFC.

### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE NEW YORK STATE AND CITY HUMAN RIGHTS LAWS

32. Plaintiff incorporates by reference the allegations set forth in paragraphs 1

through 31` as if fully set forth herein.

33. Defendant's conduct as described herein, amounted to retaliation for complaining about discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000, et. seq.; the New York State Human Rights Law, Executive Law sections 296 and 297; and the New York City Human Rights Law, Administrative Codes section 8-502. Specifically, defendant's drastically reduced plaintiff's hours in retaliation for plaintiff's complaint that a senior employee, Judeine Reid, had sexually harassed him.

## HOSTILE WORK ENVIRONMENT AND QUID PRO QUO SEXUAL HARRASSMENT

34. Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. Defendant's conduct, as described herein, amounted to hostile work environment and quid pro quo sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000, et. seq.; the New York State Human Rights Law, Executive Law sections 296 and 297, and the New York City Human Rights Law, Administrative Code section 8-502. Specifically, defendants committed quid pro quo sexual harassment when they drastically reduced plaintiff's hours because he complained of the unwanted sexual advances of a senior co-worker. Moreover, defendants committed hostile work environment through failing to take any steps to stop Judeine Reid from sexually harassing plaintiff, despite such harassment taking place in

the presence of defendant's supervisor, and despite defendant's manager and president being informed of the harassment.

Wherefore, plaintiff demands a jury trial and the following relief against the defendants:

    a. Compensatory Damages.

    b. Front and back pay.

    c. Reinstatement.

    d. Punitive Damages

    e. Costs, interest and attorneys fees.

    f. Prejudgment interest.

    g. Such other and further relief as this court may deem just and proper, including injunctive and declaratory relief.

Dated: White Plains, N.Y.
       March 15th, 2005

                          Yours, etc
                          O'CONNOR, REDD, GOLLIHUE AND SKLARIN

                          John Grill
                          Attorney for Plaintiff(s)
                          200 Mamaroneck Ave.
                          White Plains, N.Y. 10601
                          (917)-962-1200
                          JG9446